# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

m Holloway Burgess

_____

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

THE NEW SCHOOL UNIVERSITY, KATHERINE WOLKOFF, RACHEL SCHREIBER, RHONNIE JAUS, ARLENE DE LA ROSA, JENNIFER PENLEY, DWIGHT A. McBRIDE, RENEE T. WHITE, SONYA WILLIAMS, SARAH BOGUCKI, SHANA AGID, KATE EVANISHYN, YASAMIN GHANBARI

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

Do you want a jury trial?

☒ Yes    ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| m | H | Burgess |
|---|---|---|
| First Name | Middle Initial | Last Name |

114 West 27th Street

Street Address

| New York | NY | 10001 |
|---|---|---|
| County, City | State | Zip Code |

| 212-929-2826 | mhollowayburgess@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:    The New School University et al

Name

66 West 12th Street

Address where defendant may be served

| New York | NY | 10011 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:    Yasamin Ghanbari

Name

141 Attorney Street, Apt. 2B

Address where defendant may be served

| New York | NY | 10002 |
|---|---|---|
| County, City | State | Zip Code |

Page 2

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State              Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

The New School University, Parsons School of Design, AMT, Photography Program
_____
Name

66 5th Avenue
_____
Address

New York                  NY                  10011
_____
County, City                    State              Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒  **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐   race:          _____

☐   color:         _____

☐   religion:      _____

☒   sex:           _____

☐   national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: **1957**_____

☒ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: Claustrophobia Anxiety Disorder; Generalized Anxiety Disorder; PTSD

☒ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: Claustrophobia Anxiety Disorder; Generalized Anxiety Disorder; PTSD

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):
**(see attached)**_____

## IV.   STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☒   terminated my employment

☐   did not promote me

☒   did not accommodate my disability

☒   provided me with terms and conditions of employment different from those of similar employees

☒   retaliated against me

☒   harassed me or created a hostile work environment

☒   other (specify): Disability claim is filed separate lawsuit, yet relevant to this claim. The New School failed to live up to its self-professed "progressive" reputation.

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

My legal name is Martha Holloway Burgess. I go by m Holloway Burgess and my preferred pronouns are they/them. I am gender queer, trans-identified and 66 years old. Because of my disability, age, sex, and for other reasons named herein, The New School wrongfully demanded that I write what I believed to be a false statement as a requirement of a Personal Improvement Plan ("PIP") which I refused due to moral and ethical commitments, and which the university persisted in applying undue pressure in the context of a Hostile Work Environment - and subsequently wrongfully terminated my employment. For additional details, please refer to the attached: Exhibit A Attachment to Employment Discrimination Complaint.pdf as well as 23-cv-04944 m Burgess v TNS 520-2023-04324_ChargeOfDiscrimination.pdf .

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

   ☒ Yes (Please attach a copy of the charge to this complaint.)

     When did you file your charge? signed October 12, 2023

   ☐ No

Have you received a Notice of Right to Sue from the EEOC?

   ☒ Yes (Please attach a copy of the Notice of Right to Sue.)

     What is the date on the Notice? October 16, 2023

     When did you receive the Notice? October 24, 2023

   ☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

  ☐ direct the defendant to hire me

  ☐ direct the defendant to re-employ me

  ☐ direct the defendant to promote me

  ☐ direct the defendant to reasonably accommodate my religion

  ☐ direct the defendant to reasonably accommodate my disability

  ☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

For a number of reasons, including but not limited to HWE, the Defendant made it impossible for me to ever return to my prior employment. I have been unemployed for a long period of time and suffered mental and physical decline; therefore, I am entitled to money damages.

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| January 10, 2024 | | /s/ m Holloway Burgess |
|---|---|---|
| Dated | | Plaintiff's Signature |
| m(artha) | H | Burgess |
| First Name | Middle Initial | Last Name |
| 114 West 27th Street, Apt 5N | | |
| Street Address | | |
| New York | NY | 10001 |
| County, City | State | Zip Code |
| 212-929-2826 | | mhollowayburgess@gmail.com |
| Telephone Number | | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your
   complaint. If you do not consent, please do not attach the form.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 520-2023-04324 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Mx. M Burgess | (212) 929-2826 | 1957 |

**Street Address**

114 West 27th Street, Apt 5N

NEW YORK, NY 10001

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| THE NEW SCHOOL | 501+ Employees | (646) 909-8911 |

**Street Address**

66 W 12TH ST OFFICE OF THE GENERAL COUNSEL

NEW YORK, NY 10011

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest · · · · · · · · · · · · · · · Latest |
| Disability, Retaliation, Sex | 04/01/2021 · · · · · · · · · · · 04/17/2023 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

The name I go by is m Burgess and I was employed by the New School as a part-time Professor from 1996 through April 2023.

On January 17, 2023 email, Sara Bogucci asked me whether I would engage in PIP in spring 2023 to return to teaching in fall 2024 asking for my response within 48 hours with intent to plan and make decisions. I wrote back to her on January 19, stating this threat to be fired was not the first time the school demanded a reply within 48 hours. It was not the first threat. A return to teaching did not respect disability, or my need for accommodation in terms of course assignments. The university lack of regards has only added to the impact of poor treatment. I mentioned how the Title IX investigation was not done properly. They were requiring me to write a false PIP statement, which was having further negative impact on my health and my disability, brought on by Hostile Work Environment and Discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mx. M Burgess**<br><br>**10/12/2023**<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC  FEPA | 520-2023-04324 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

In a follow up email from Bogucci, on February 21 2023, she said, although I responded within the requested time, the email did not make it clear whether you can perform the essential functions including PIP. The so-called requirement of essential functions was the reason the school failed to accommodate my reasonable Disability accommodation request. Bogucci appeared to suggest that I might have been saying that my disability may have precluded me from the PIP.

On February 10, 2023, the United States Department of Education Office for Civil Rights closed a separate investigation where I made allegations against the school, which included claims against Title IX investigation procedures, deferring decision to EEOC.

On March 13, 2023, the EEOC closed a separate investigation where I made allegations against the school and provided a Letter of Right to Sue.

In retaliation of my prior and current complaint, on March 22, 2023, I was invited to a Termination Meeting Proposed by Sarah. This was to inform me of their considering termination, and that they would like to meet on March 28 at 11 am to discuss rationale for this intended action and give me an opportunity to respond. She indicated that this would be my one and only opportunity to be heard. I was not actively employed. This was over a year after suspension, and only days after the EEOC ended their investigation.

On approximately April 17, 2023, the university issued my termination letter.

On May 17, the school provided 3 business days to discuss rationale and to respond to university concerns, but they had already ignored multiple grievances. I responded by telling the school that this was a thinly veiled attempt to blame my disability instead of taking responsibility for their wrongful actions.

The reason for my complaint is Wrongful Termination, Hostile Work Environment, Negligence, Unequal Enforcement of policies, Defamation, Coercion, Harassment and repeated attempts to enforce unfair Personal Improvement Plan (PIP) requirements under repeated threats of termination, ongoing failure to accommodate disability, with Discrimination, Harassment, Retaliation and prolonged, unreasonable mistreatment in Spring 2021 through Spring 2023, ongoing and before this time. Retaliation  I complained to my employer about job discrimination, I contacted government agencies with job discrimination complaints and filed federal charges of job discrimination - about refusal to Accommodate, Disability discrimination, Age discrimination, Sex Discrimination (including sexual orientation and gender identity), bias and failure of process by the university and Title IX employee regarding Title IX complaint, with ongoing Harassment and Retaliation by the university. I am 65 years of age and was hired by the New School in 1996.

Adverse actions by the school included: on April 17, 2023, my employer fired me in retaliation for filing a Discrimination complaint with the EEOC, for filing a Title IX complaint of sex discrimination against my supervisor, for filing grievances against coercion regarding a biased Personal Improvement Plan, against spring 2021 suspension for inability to write a false PIP statement of wrongdoing, and for filing federal charges against the university for the aforementioned and other claims. I experienced a history of Hostile Work Environment, which extended into spring 2021 and through spring 2023. This included my employers refusal to accommodate reasonable request for accommodation, Disability Discrimination, worsening my Disability, leading to diagnosis of PTSD and significant financial, physical and psychological distress. Wrongful Termination of

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.  **Digitally Signed By: Mx. M Burgess**  **10/12/2023**  *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT  SUBSCRIBED    AND    SWORN    TO    BEFORE    ME    THIS    DATE  (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 520-2023-04324 |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Employment resulted from an alleged refusal to complete the PIP, although I was unable to comply with a coercive, written requirement, requiring me to indicate wrongdoings.

I believe I was discriminated against based on my disability, in violation of the Americans with Disabilities Act, as amended. I also believe I was discriminated against based on my gender, nonbinary, and retaliation for opposing racism, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mx. M Burgess**<br>**10/12/2023**<br><br><br>*Charging Party Signature* | SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161-B (01/2022)                    **U.S. Equal Employment Opportunity Commission**

---

## Notice of Right to Sue *(Issued on Request)*

---

To:  **Mx. M Burgess**                                 From:  **New York District Office**
     **114 West 27th Street, Apt 5N**                        **33 Whitehall St, 5th Floor**
     **NEW YORK, NY 10001**                                  **New York, NY 10004**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2023-04324** | **ANDREA REDDY,**<br>**Federal Investigator** | **andrea.reddy@eeoc.gov** |

*(See also the additional information enclosed with this form.)*

---

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

> Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.

> The EEOC is terminating its processing of this charge.

---

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

---

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Timothy Riera
10/16/2023

Enclosures(s)                           **Timothy Riera**
                                        **Acting District Director**

cc:

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you** *receive* **this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Tue, Oct 24, 2023, 11:00 PM

REMINDER: Important Document Available for EEOC Charge 520-2023-04324 /
RECORDATORIO: Documento Importante Está Disponible para la Queja/Querella Número 520-
2023-04324
Inbox
Search for all messages with label Inbox
Remove label Inbox from this conversation

**EEOC <no-reply@service.eeoc.gov>**                                    Tue, Oct
                                                                        24, 2023,
                                                                        11:00 PM

to me

Translate to English

### U.S. Equal Employment Opportunity Commission

EEOC has made a decision regarding charge number 520-2023-04324. It is very important that
you download and retain a copy of this document. You may review this decision by logging into
the EEOC Public Portal.

This email is an official notification from the Equal Employment Opportunity Commission (EEOC)
regarding charge 520-2023-04324. Please do not reply to this email.
*Notice of Confidentiality: This email may contain privileged and confidential information, including
information protected by federal and state privacy laws. It is intended only for the use of the
person(s) named above. If you are not the intended recipient, you are hereby notified that any
review, dissemination, distribution, or duplication of this communication is strictly prohibited and
may be unlawful. If you are not the intended recipient, please contact info@eeoc.gov and destroy
all copies of the original message and attachments.*
La EEOC ha tomado una decisión con respecto a la queja/querella número 520-2023-04324. Es
muy importante que descargue y retenga una copia de este documento. Puede revisar esta
decisión iniciando sesión en el Portal Público de la EEOC .

Este correo electrónico es una notificación oficial de la Comisión para la Igualdad de
Oportunidades en el Empleo (EEOC, por sus siglas en inglés) con respecto a la queja/querella
520-2023-04324. Por favor, no responda a este correo electrónico.
*Aviso de confidencialidad: La información contenida en este correo electrónico puede contener
información privilegiada y confidencial, incluida información protegida por las leyes de privacidad
federales y estatales. Está destinada únicamente al uso de la(s) persona(s) nombrada(s)
anteriormente. Si usted no es el(la) destinatario(a) previsto(a), se le notifica que cualquier
revisión, difusión, distribución o duplicación de esta comunicación está estrictamente prohibida y
puede ser ilegal. Si usted no es el(la) destinatario(a) previsto(a), póngase en contacto con
nosotros info@eeoc.gov y destruya todas las copias del mensaje original y los archivos
adjuntos.*

Exhibit A Attachment to Employment Discrimination Complaint, by m Holloway Burgess

On April 17, 2023 The New School ("TNS") terminated my employment after 25 years of teaching as a Part-Time faculty with approximately 4 courses per semester, contracted through the CBA of Act-Uaw 7902 union of Part-Time Faculty. Kate Evanishyn was responsible for disregarding misdeeds as the basis of the PIP, wrongful termination. Evanishyn and others are responsible for blaming my disability rather than accepting responsibility for wrongdoing. Although the reason Evanishyn and others sited for my dismissal was my "failure" to complete the PIP, TNS failed to acknowledge my repeated emails, grievances and statements in meetings in which I cleared myself of their allegations. In fact, I suffered ongoing mistreatment through the years and did my best to survive, but I could not agree to the required writing assignment of the PIP for moral and ethical reasons. Nevertheless, the university persisted in pressuring me to accept the PIP for several semesters against my will. Shortly after termination, I contacted the EEOC regarding Wrongful Termination, Hostile Work Environment as well as other violations of my rights. On April 26, 2023, the EEOC sent a Notice of Scheduled Interview regarding my inquiry 520-2023-04324 for September 5, 2023 at 11:00 AM EDT. On that day, Federal Investigator Andrea Reddy interviewed me and also explained why I could request a Notice of Right To Sue ("NRTS"). On October 4, 2023, the EEOC forwarded a drafted Charge of Discrimination against TNS. Once I requested the NRTS, I signed my Charge of Discrimination on October 12, 2023 (see 23-cv-04944 m Burgess v TNS 520-2023-04324_ChargeOfDiscrimination.pdf). On October 24, EEOC made a decision regarding my charge, number 520-2023-04324. On that day I downloaded and received EEOC's NRTS, signed by Acting District Director Timothy Riera, dated October 16, 2023. I am hereby filing my lawsuit in federal court within 90 days of my receipt of the NRTS.

I claim that The New School University ("TNS") failed to live up to its reputation. In so doing, the university violated the rights of my students and my rights. In my Charge of Discrimination, I provided a brief timeline. Regarding student rights, TNS failed to investigate my reports of racism, sexism and other offenses that students experienced, which violated their rights. Regarding student free speech, the landmark decision, *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969) the United States Supreme Court ruled that students do not "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate". *Bethel School District v. Fraser*, 478 U.S. 675 (1986) affirmed that viewpoint-specific speech restrictions are an egregious violation of the First Amendment, and in *Rosenberger v. Rector and Visitors of the University of Virginia*, 515 U.S. 819 (1995), the Supreme Court declared: "Discrimination against speech because of its message is presumed to be unconstitutional".

Regarding my rights as a professor at TNS, while the First Amendment protects the teacher's ability to speak as a private citizen on a matter of public concern, I am aware that private schools are not prohibited by the first amendment from imposing limitations on the free speech of teachers and students. The New School is a Private University; however, given its motto, mission statement and the reputation the New School for Social Research which TNS upholds as a "progressive" identity, I upheld these standards throughout my 25-year tenor. In addition, statements by the university itself, agreements with Act-UAW Local 7902 union representing Part-Time Faculty, and various laws protect professors from discipline for their political speech. New York State laws have statutes that protect even employees of private schools from adverse employment action for their political affiliations because political affiliation is a protected class like race, gender, or disability status. On March 22, 2021, I e-mailed AMT Dean Shana Agid and MFA Photography Program Director James Ramer regarding MFA candidates of 2021, establishing that, "students feel that they are not being heard" and that, "Student concerns range from perceived disrespect in meetings and critiques to conflicts regarding their expectations of the program." Rather than risk mischaracterizing what anyone said, I asked the administration to meet with everyone and listen firsthand. On June 25, 2021, I e-mailed AMT Dean Shana Agid (again) and the Director of Part-Time Faculty, Yasi Ghanbari stating that, "I believe that these students, who are enrolled in Summer 2021 classes have not been heard and that they remain in harm's way. To be blunt, the multiple concerns that multiple students discussed in class included sexism, racism and being lied to by the Administration." On August 23, 2021, I e-mailed the Director of the MFA Photography program, James Ramer, University Provost Dr. Renee T. White and University President Dwight A McBride to inform them that, " I continue to wait to reach an understanding with the University on several matters before I can, in good faith, decline or accept teaching. One matter of grave importance regards the concerns of MFA candidates who are about to graduate, which

I repeatedly cleared myself of. On June 15, 2021, I emailed Ghanbari, alerting her to an "unsafe space for teaching and learning." On June 25, 2021, I emailed Ghanbari clearing myself of all allegations against me. I also filed subsequent grievances against the PIP, and Spring 2022 suspension based on my "failure" to submit coercion of the PIP assignment. Sonya Williams wrongfully rejected my grievance, and failed to respond to the charges I presented by means of prepared statements. This background is necessary to comprehend the pip as retaliation, harassment and coercion. Also relevant was the refusal of TNS to acknowledge false statements made by their Title IX Investigator, Rhonnie Jaus, as well as her attempt to mislead me with a written statement about a process she would follow, which I brought to the attention of Provost White and the Title IX committee, spearheaded by Jennifer Pennley. Pennley failed to engage with the prepared statement that I read to her, ultimately violating my rights by refusing to acknowledge the violation of my rights by Jaus.

Violations and misdeeds by TNS that I believe are within the statute of limitations include refusal to accommodate ADA, discrimination because of my disability, imposition of a coercive PIP and pressuring me over a period of 3 semesters, which included suspension in Spring 2021 and Fall 2022, eventually leading to wrongful termination in Spring 2023. A violation of Title VII of the Civil Rights Act of 1964 included failure to investigate my disclosures of graduate student complaints of racism and sexism and undergraduate student complaints of racism. My complaint of Wrongful Termination, coercive application of a PIP without justification, regards standards that were applied to me that were discriminatory. Several events, such as the hiring of less experienced faculty to replace me when demoting me to a course of lesser value, and accusing me of student allegations while failing to conduct an investigation, provided evidence that I was treated differently. Other faculty were provided investigations of student allegations. I have named additional violations named in my Charge of Discrimination.

Both my EEOC Charge of Discrimination (23-cv-04944 m Burgess v TNS 520-2023-04324_ChargeOfDiscrimination.pdf) and Notice of Right To Sue ("NRTS") (23-cv-04944 m Burgess v TNS 2023-10-16+Form+161-B+NRTS+520-2023-04324.pdf) are attached to my **Second Amended Complaint, which I also emailed to the Pro Se Intake Unit of the United States District Court for the Southern District of New York on November 24, 2023, in regards to my case, 23-cv-04944.** The judge assigned to this case, Judge Koeltl and the Defendants are aware that today I am filing this case for wrongful termination and other charges confirmed by the EEOC with the United States District Court for the Southern District of New York (23-cv-04944 m Burgess v The New School ATTN Judge Koeltl RE EEOC.pdf). The question of including this charge in case 23-cv-04944 remains unresolved.

While I have not articulated each and every charge in relation to specific violations of law, I am relying on the good faith of the court to grant me permission to do so at a later date. Regarding the Defendants in addition to TNS itself, each Defendant named contributed to mistreatment and Hostile Work Environment that led to wrongful PIP, wrongful termination, other violations and contributed to the deterioration of my mental and physical health. Administrators ot TNS were similarly charged in civil rights case 1:18-cv-06283, Hayes v The New School et al, filed on July 11, 2018 for unlawful Employment Practices.

Signed,

/s/ m Holloway Burgess

I brought to the attention of the Administration several times, and yet students have not been heard or responded to. Given the very serious nature of student concerns (regarding race, gender and implications for social inequality), until an understanding can be reached, this circumstance presents an unsafe teaching/learning environment going into the fall semester of teaching at TNSU."

On August 25, 2021, Yasi Ghanbari, the Director of Part-Time faculty indicated that Shana Agid and James Ramer will follow up on these "student concerns" once the Fall 2021 semester has started. Given some assurance of forward movement, I agreed to teach one graduate level fall course. I could neither accept nor refuse the other course offered to me because of my disability, due to ongoing disability discrimination I filed a federal lawsuit cv-23-04944, including additional charges. Ultimately, I refused to teach any courses in Fall 2021 unless the administration would agree to investigate. Once Ghanbari indicated that the university would investigate, I agreed to teach. However, an investigation never occurred.

On May 31, 2022, I wrote to university Provost Renée White about a confidential note that an undergraduate student had sent to me, sharing collective student concerns about their teacher, Photography Program Supervisor Katherine Wolkoff. "In confidence," this student wrote, "my classmates and I have been struggling in our thesis class with Kate Wolkoff as our professor. She has said a few off color things and has more than once been micro aggressive towards the international students and Asian American students in our class." This student indicated fears about reporting Wolkoff: "I have been nervous to do anything about it because I am just a bystander, and I'm honestly afraid of her and what retaliation could occur considering she is the head of the program and seemingly wields so much power." The student's note concluded by stating, "overall, it seems that these are deep-rooted issues in the program and it upsets me that we are *still* dealing with things like this. I've spoken to my classmates as well as a few people in the year below me and we all share these concerns." TNS failed to conduct an investigation. I assert that TNS retaliated against me in a number of ways, which termination of my employment. In addition to discriminating against my students. TNS discriminated against me in violation of Title VII of the Civil Rights Act of 1964.

Some aspects in my review of violations and misdeeds by TNS, are past the statute of limitations, although careful consideration will reveal a pattern of mistreatment towards me that resulted a Hostile Work Environment, increased the negative impact of my Claustrophobia Anxiety Disorder and contributed to Generalized Anxiety Disorder and a diagnosis of PTSD. These malicious misdeeds included retaliation for my pro-union vote, homophobia expressed against students in the censorship of lgbtiqqnc+ student work in the curation of an exhibition for the Hermitage museum, retaliation against me for reporting my concerns to the university Safe Zone committee, and other acts of unacceptable behaviour, including false accusations about my job performance, reassignment to courses and setting me up for failure. Additionally, TNS reprimanded me for holding a classroom discussion about artwork art made by a Black queer student about acts of police violence against Black citizens, which violated my rights as well as student rights because the school refused to consider Black and POC student perspectives or to properly investigate. Similarly, when TNS reprimanded me for sharing videos depicting racism and bigotry of Walt Disney after a student presentation the administration ignored my reports of Black students and students of color who were offended by another student. TNS violated my rights and student rights. One of these events became the focus of an intentionally damaging Spring 2020 Supervisor's report penned by Katherine Wolkoff in a deceitful attempt to make one student allegation to appear as many student complaints. Wolkoff ignored overwhelmingly positive student evaluations in the course. She also intentionally miscalculated overall student ratings. I grieved these matters as well as several homophobic aspects of the report and other inaccuracies. The refusal of Executive Dean Rachel Schrieber to respond appropriately by denying my grievance, the refusal of TNS to hear my second grievance (against the opinion of the union unit chair) led to retaliation by my supervisor in Spring 2021. Wolkoff, Ghanbari and Dean Agid held an "investigatory" meeting, accusing me of racism without providing clear evidence, and then punished me for allegations before I had an opportunity to respond. A disciplinary meeting followed two months later, in which TNS provided evidence after demanding a PIP, and before hearing my response. This led to retaliatory demotion, failure to accommodate my reasonable ADA request. Arlene De La Rosa was ultimately responsible for failure to accommodate my ADA request and for disregarding my "interactive" attempt to communicate with her in writing. Wolkoff and Ghanbari also retaliated and harassed by imposing a coercive Personal Improvement Plan ("PIP"), which demanded that I confess to the very accusations which

Exhibit A Attached to Employment Discrimination Complaint  Page 2 of 3

Exhibit A Attachment to Employment Discrimination Complaint
m Holloway Burgess
114 West 27th Street, Apt 5N
New York, NY 10001

On April 17, 2023 The New School ("TNS") terminated my employment after 25 years of teaching as a
Part-Time faculty with approximately 4 courses per semester, contracted through the CBA of Act-Uaw
7902 union of Part-Time Faculty. Kate Evanishyn was responsible for disregarding misdeeds as the basis of
the PIP, wrongful termination,. Evanishyn and others are responsible for blaming my disability rather than
accepting responsibility for wrongdoing. Although the reason Evanishyn and others sited for my dismissal
was my "failure" to complete the PIP, TNS failed to acknowledge my repeated emails, grievances and
statements in meetings in which I cleared myself of their allegations. In fact, I suffered ongoing
mistreatment through the years and did my best to survive, but I could not agree to the required writing
assignment of the PIP for moral and ethical reasons. Nevertheless, the university persisted in pressuring me
to accept the PIP for several semesters against my will. Shortly after termination, I contacted the EEOC
regarding Wrongful Termination, Hostile Work Environment as well as other violations of my rights. On
April 26, 2023, the EEOC sent a Notice of Scheduled Interview regarding my inquiry 520-2023-04324 for
September 5, 2023 at 11:00 AM EDT. On that day, Federal Investigator Andrea Reddy interviewed me and
also explained why I could request a Notice of Right To Sue ("NRTS"). On October 4, 2023, the EEOC
forwarded a drafted Charge of Discrimination against TNS. Once I requested the NRTS, I signed my
Charge of Discrimination on October 12, 2023 (see 23-cv-04944 m Burgess v TNS 520-2023-
04324_ChargeOfDiscrimination.pdf). On October 24, EEOC made a decision regarding my charge,
number 520-2023-04324. On that day I downloaded and received EEOC's NRTS, signed by Acting District
Director Timothy Riera, dated October 16, 2023. I am hereby filing my lawsuit in federal court within 90
days of my receipt of the NRTS.

I claim that The New School University ("TNS") failed to live up to its reputation. In so doing, the
university violated the rights of my students and my rights. In my Charge of Discrimination, I provided a
brief timeline. Regarding student rights, TNS failed to investigate my reports of racism, sexism and other
offenses that students experienced, which violated their rights. Regarding student free speech, the landmark
decision, *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969) the United
States Supreme Court ruled that students do not "shed their constitutional rights to freedom of speech or
expression at the schoolhouse gate". *Bethel School District v. Fraser*, 478 U.S. 675 (1986) affirmed that
viewpoint-specific speech restrictions are an egregious violation of the First Amendment, and in
*Rosenberger v. Rector and Visitors of the University of Virginia*, 515 U.S. 819 (1995), the Supreme Court
declared: "Discrimination against speech because of its message is presumed to be unconstitutional".

Regarding my rights as a professor at TNS, while the First Amendment protects the teacher's ability to
speak as a private citizen on a matter of public concern, I am aware that private schools are not prohibited
by the first amendment from imposing limitations on the free speech of teachers and students. The New
School is a Private University; however, given its motto, mission statement and the reputation the New
School for Social Research which TNS upholds as a "progressive" identity, I upheld these standards
throughout my 25-year tenor. In addition, statements by the university itself, agreements with Act-UAW
Local 7902 union representing Part-Time Faculty, and various laws protect professors from discipline for
their political speech. New York State laws have statutes that protect even employees of private schools
from adverse employment action for their political affiliations because political affiliation is a protected
class like race, gender, or disability status. On March 22, 2021, I e-mailed AMT Dean Shana Agid and
MFA Photography Program Director James Ramer regarding MFA candidates of 2021, establishing that,
"students feel that they are not being heard" and that, "Student concerns range from perceived disrespect in
meetings and critiques to conflicts regarding their expectations of the program." Rather than risk
mischaracterizing what anyone said, I asked the administration to meet with everyone and listen firsthand.
On June 25, 2021, I e-mailed AMT Dean Shana Agid (again) and the Director of Part-Time Faculty, Yasi
Ghanbari stating that, "I believe that these students, who are enrolled in Summer 2021 classes have not
been heard and that they remain in harm's way. To be blunt, the multiple concerns that multiple students
discussed in class included sexism, racism and being lied to by the Administration." On August 23, 2021, I

Exhibit A Attachment to Employment Discrimination Complaint / m Holloway Burgess

e-mailed the Director of the MFA Photography program, James Ramer, University Provost Dr. Renee T. White and University President Dwight A McBride to inform them that, " I continue to wait to reach an understanding with the University on several matters before I can, in good faith, decline or accept teaching. One matter of grave importance regards the concerns of MFA candidates who are about to graduate, which I brought to the attention of the Administration several times, and yet students have not been heard or responded to. Given the very serious nature of student concerns (regarding race, gender and implications for social inequality), until an understanding can be reached, this circumstance presents an unsafe teaching/learning environment going into the fall semester of teaching at TNSU."

On August 25, 2021, Yasi Ghanbari, the Director of Part-Time faculty indicated that Shana Agid and James Ramer will follow up on these "student concerns" once the Fall 2021 semester has started. Given some assurance of forward movement, I agreed to teach one graduate level fall course. I could neither accept nor refuse the other course offered to me because of my disability; due to ongoing disability discrimination I filed a federal lawsuit cv-23-04944, including additional charges. Ultimately, I refused to teach any courses in Fall 2021 unless the administration would agree to investigate. Once Ghanbari indicated that the university would investigate, I agreed to teach. However, an investigation never occurred.

On May 31, 2022, I wrote to university Provost Renée White about a confidential note that an undergraduate student had sent to me, sharing collective student concerns about their teacher, Photography Program Supervisor Katherine Wolkoff. "In confidence," this student wrote, "my classmates and I have been struggling in our thesis class with Kate Wolkoff as our professor. She has said a few off color things and has more than once been micro aggressive towards the international students and Asian American students in our class." This student indicated fears about reporting Wolkoff; "I have been nervous to do anything about it because I am just a bystander, and I'm honestly afraid of her and what retaliation could occur considering she is the head of the program and seemingly wields so much power." The student's note concluded by stating, "overall, it seems that these are deep-rooted issues in the program and it upsets me that we are *still* dealing with things like this. I've spoken to my classmates as well as a few people in the year below me and we all share these concerns." TNS failed to conduct an investigation. I assert that TNS retaliated against me in a number of ways, which termination of my employment. In addition to discriminating against my students, TNS discriminated against me in violation of Title VII of the Civil Rights Act of 1964.

Some aspects in my review of violations and misdeeds by TNS, are past the statute of limitations, although careful consideration will reveal a pattern of mistreatment towards me that resulted a Hostile Work Environment, increased the negative impact of my Claustrophobia Anxiety Disorder and contributed to Generalized Anxiety Disorder and a diagnosis of PTSD. These malicious misdeeds included retaliation for my pro-union vote, homophobia expressed against students in the censorship of lgbtiqgnc+ student work in the curation of an exhibition for the Hermitage museum, retaliation against me for reporting my concerns to the university Safe Zone committee, and other acts of unacceptable behaviour, including false accusations about my job performance, reassignment to courses and setting me up for failure. Additionally, TNS reprimanded me for holding a classroom discussion about artwork art made by a Black queer student about acts of police violence against Black citizens, which violated my rights as well as student rights because the school refused to consider Black and POC student perspectives or to properly investigate. Similarly, when TNS reprimanded me for sharing videos depicting racism and bigotry of Walt Disney after a student presentation the administration ignored my reports of Black students and students of color who were offended by another student. TNS violated my rights and student rights. One of these events became the focus of an intentionally damaging Spring 2020 Supervisor's report penned by Katherine Wolkoff in a deceitful attempt to make one student allegation to appear as many student complaints. Wolkoff ignored overwhelmingly positive student evaluations in the course. She also intentionally miscalculated overall student ratings. I grieved these matters as well as several homophobic aspects of the report and other inaccuracies. The refusal of Executive Dean Rachel Schrieber to respond appropriately by denying my grievance, the refusal of TNS to hear my second grievance (against the opinion of the union unit chair) led to retaliation by my supervisor in Spring 2021. Wolkoff, Ghanbari and Dean Agid held an "investigatory"

Exhibit A Attachment to Employment Discrimination Complaint / m Holloway Burgess

meeting, accusing me of racism without providing clear evidence, and then punished me for allegations before I had an opportunity to respond. A disciplinary meeting followed two months later, in which TNS provided evidence after demanding a PIP, and before hearing my response. This led to retaliatory demotion, failure to accommodate my reasonable ADA request. Arlene De La Rosa was ultimately responsible for failure to accommodate my ADA request and for disregarding my "interactive" attempt to communicate with her in writing. Wolkoff and Ghanbari also retaliated and harassed by imposing a coercive Personal Improvement Plan ("PIP"), which demanded that I confess to the very accusations which I repeatedly cleared myself of. On June 15, 2021, I emailed Ghanbari, alerting her to an "unsafe space for teaching and learning." On June 25, 2021, I emailed Ghanbari clearing myself of all allegations against me. I also filed subsequent grievances against the PIP, and Spring 2022 suspension based on my "failure" to submit coercion of the PIP assignment. Sonya Williams wrongfully rejected my grievance, and failed to respond to the charges I presented by means of prepared statements. This background is necessary to comprehend the pip as retaliation, harassment and coercion. Also relevant was the refusal of TNS to acknowledge false statements made by their Title IX Investigator, Rhonnie Jaus, as well as her attempt to mislead me with a written statement about a process she would follow, which I brought to the attention of Provost White and the Title IX committee, spearheaded by Jennifer Pennley. Pennley failed to engage with the prepared statement that I read to her, ultimately violating my rights by refusing to acknowledge the violation of my rights by Jaus.

Violations and misdeeds by TNS that I believe are within the statute of limitations include refusal to accommodate ADA, discrimination because of my disability, imposition of a coercive PIP and pressuring me over a period of 3 semesters, which included suspension in Spring 2021 and Fall 2022, eventually leading to wrongful termination in Spring 2023. A violation of Title VII of the Civil Rights Act of 1964 included failure to investigate my disclosures of graduate student complaints of racism and sexism and undergraduate student complaints of racism. My complaint of Wrongful Termination, coercive application of a PIP without justification, regards standards that were applied to me that were discriminatory. Several events, such as the hiring of less experienced faculty to replace me when demoting me to a course of lesser value, and accusing me of student allegations while failing to conduct an investigation, provided evidence that I was treated differently. Other faculty were provided investigations of student allegations. I have named additional violations named in my Charge of Discrimination.

Both my EEOC Charge of Discrimination (23-cv-04944 m Burgess v TNS 520-2023-04324_ChargeOfDiscrimination.pdf) and Notice of Right To Sue ("NRTS") (23-cv-04944 m Burgess v TNS 2023-10-16+Form+161-B+NRTS+520-2023-04324.pdf) are attached to my  Second Amended Complaint, which I also emailed to the Pro Se Intake Unit of the United States District Court for the Southern District of New York on November 24, 2023, in regards to my case, 23-cv-04944. The judge assigned to this case, Judge Koeltl and the Defendants are aware that today I am filing this case for wrongful termination and other charges confirmed by the EEOC with the United States District Court for the Southern District of New York (23-cv-04944 m Burgess v The New School ATTN Judge Koeltl RE EEOC.pdf). The question of including this charge in case 23-cv-04944 remains unresolved.

While I have not articulated each and every charge in relation to specific violations of law, I am relying on the good faith of the court to grant me permission to do so at a later date. Regarding the Defendants in addition to TNS itself, each Defendant named contributed to mistreatment and Hostile Work Environment that led to wrongful PIP, wrongful termination, other violations and contributed to the deterioration of my mental and physical health.  Administrators ot TNS were similarly charged in civil rights case 1:18-cv-06283, Hayes v The New School et al, filed on July 11, 2018 for unlawful Employment Practices.

Signed,

/s/ m Holloway Burgess



USMS
SDNY

USDC-SDNY
SDNY PRO SE OFFICE
2024 JAN 16  AM 10: 59

m Burgess
114 W. 27th St., Apt 5N
New York NY 10001
CV-23-04944

United States Courthouse
Pro Se Intake Unit
Night Depository Box
500 Pearl Street
New York, NY 10007